**William L. TREST, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19228.**

United States Court of Appeals District of Columbia Circuit.

Argued June 8, 1965.

Decided Aug. 10, 1965.

Petition for Rehearing En Banc Denied Oct. 8, 1965.

Mr. William J. LeBuhn, Washington, D. C., with whom Mr. Raymond N. Shibley, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys.. were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and DANAHER and WRIGHT, Circuit Judges.

PER CURIAM.

Although a report from St. Elizabeths Hospital stated that appellant was "suffering from Psychoneurotic Reaction, Obsessive-Compulsive Type (Sexual Deviation)" and that his offenses were "products of this condition," appellant refused to allow an insanity defense to be made on his behalf. Indeed, the appellant himself addressed the court, insisting that he was not "incompetent." In detail both lucid and explicit, he offered a quite valid

and reasonable explanation for the position he took. On appeal counsel contends that the trial judge should have raised the insanity issue in spite of appellant's wishes. See Whalem v. United States, 120 U.S.App.D.C. ——, —— – ——, 346 F.2d 812, 818–819 (1965) (*en banc*); Overholser v. Lynch, 109 U.S.App.D.C. 404, 288 F.2d 388 (1961), reversed on other grounds, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962).

We do not think the judge abused his discretion in refusing to raise the issue *sua sponte*. Appellant had previously been found competent to stand trial, and there is no suggestion that this finding was erroneous. Moreover, whether appellant did in fact commit the criminal act was a closely contested issue during the trial. Introduction of the insanity issue might well have prejudiced his defense on the merits.

We have examined the other points raised on this appeal and found none of them to warrant reversal. The conviction is therefore

Affirmed.