**Frank W. HOLMES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19678.**

United States Court of Appeals District of Columbia Circuit.

Submitted Jan. 10, 1966.

Decided May 16, 1966.

Mr. John J. Nealon, Washington, D. C. (appointed by the District Court), for appellant. Mr. James S. Gardiner, Washington, D. C., also entered an appearance for appellant, submitted on the brief, for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker, Joel D. Blackwell and Oscar Altshuler, Asst. U. S. Attys., were on the brief, submitted on the brief, for appellee.

Before BAZELON, Chief Judge, and FAHY and LEVENTHAL, Circuit Judges.

BAZELON, Chief Judge:

This is an appeal from the District Court's denial, after hearing, of appellant's post-conviction motion under 28 U.S.C. § 2255 to vacate his sentence for robbery and impersonating an officer. The motion alleged that counsel rendered ineffective assistance by failing to invoke the insanity defense at trial.

Before trial, counsel obtained a report from Dr. Hyman Shapiro, a psychiatrist who had treated appellant on several occasions, stating that appellant was suffering from a mental disease, "psycho-neurosis with anxiety and depression, chronic, superimposed upon the schizoid personality makeup." At the hearing on the present motion Dr. Shapiro testified that the acts "were definitely a product of his long standing mental disorder"; but it appears that counsel did not pursue that question with Dr. Shapiro before or at trial, or seek examinations by others.

Trial counsel testified that appellant vehemently objected to raising the insanity defense. Appellant stated that he would not have objected had he been apprised of Dr. Shapiro's report. Trial counsel stated that he did apprise him. This conflict was not resolved.

However, as the government concedes, counsel's prime concern was the threat of prejudice. He testified:

I would find, as a practitioner with some experience involving defenses of insanity, it would be a most impracti-cal approach or request to make of a jury.

I would say, coupled with that defense of insanity, if you also attempted to have a defense on the merits, you would jeopardize the defendant's position as regards both defenses * * * and I would have found great difficulty without first admitting to the jury that the defendant Holmes was guilty of all counts before interjecting a defense of insanity.

This view is entirely reasonable and could not, of course, render counsel's assistance "ineffective." This court has recognized that substantial prejudice may result from the simultaneous trial on the pleas of insanity and "not guilty."[1] The former requires testimony that the crime charged was the product of the accused's mental illness.[2] Ordinarily, this testimony will tend to make the jury believe that he did the act. Also, evidence of past anti-social behavior and present anti-social propensities, which tend to support a defense of insanity, is highly prejudicial with respect to other defenses. Moreover, evidence that the defendant has a dangerous mental illness invites the jury to resolve doubts concerning commission of the act by finding him not guilty by reason of insanity, instead of acquitting him, so as to assure his confinement in a mental hospital. It appears that such doubts may have existed here since the jury found appellant not guilty on the charge of assault with intent to rape and the court dismissed a second charge of impersonating an officer.

Although trial counsel's appraisal of the prejudicial effect of the insanity defense on the defense of not guilty was entirely reasonable, it does not follow that the insanity defense had to be abandoned. He could have made a motion, like that made by able counsel in

---

1. See Harper v. United States, 122 U.S. App.D.C. 23, 350 F.2d 1000 (1965); Trest v. United States, 122 U.S.App.D.C. 11, 350 F.2d 794, cert. denied, 382 U.S. 1018, 86 S.Ct. 634, 15 L.Ed.2d 532 (1965).

2. Durham v. United States, 94 U.S.App. D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430 (1954); see Rollerson v. United States, 119 U.S.App.D.C. 400, 343 F.2d 269 (1964), and authorities cited therein.

another case recently before us,[3] that the District Court avoid the prejudice by exercising its discretion to first submit to the jury issues raised by the not guilty plea before the introduction of evidence on insanity. The power of courts to control the order of criminal trial and submission of issues to the jury has its roots in the common law,[4] and is in no way inconsistent with the Federal Rules of Criminal Procedure.[5] *Cf.* United States v. Curry, 358 F.2d 904 (2d Cir. 1966).[6] Federal Courts in civil cases are specifically authorized to order the separate trial of any issue "to avoid prejudice." Rule 42(b), Fed.R.Civ.P. The need to avoid prejudice in criminal trials is even greater.[7]

▮ Relevant considerations upon a request for bifurcation include the substantiality of appellant's insanity defense and its prejudicial effect on other defenses. The court not only has a broad discretion in considering bifurcation, but also in prescribing its procedure, the form of the charge and submission of the questions to the jury, the admissibility of evidence in each stage, and even the impaneling of a second jury to hear the second stage if this appears necessary to eliminate prejudice.

▮ The issue we face is whether collateral relief is available although bifurcation was not requested. In my opinion, § 2255, which applies not only to constitutional claims but also where the judgment "is otherwise subject to collateral attack,"[8] may be invoked here in order to avoid manifest prejudice.[9] My brethren

---

3. In that case the availability of such bifurcation was under due consideration by the court, as it happens the same panel hearing this appeal, when the appeal was dismissed on appellant's motion. See Henderson v. United States, 123 U.S. App.D.C. 380, 360 F.2d 514, order filed December 27, 1965, opinion filed April 15, 1966.

4. See People v. Connor, 65 Hun. 392, 20 N.Y.S. 209, aff'd, 142 N.Y. 130, 36 N.E. 607 (1894), and common law treatises therein cited.

5. Rule 57(b), Fed.R.Crim.P., authorizes courts, "if no procedure is specifically prescribed by rule, * * * [to] proceed in any lawful manner not inconsistent with these rules or with any applicable statute."

6. In the *Curry* case, albeit in a somewhat different context, see 18 U.S.C. § 2113(e), the court expressly recognized the power of the trial court to conduct a two-stage criminal trial in order to avoid prejudice to defendant. The court ruled that the trial judge could confine presentation to the jury to the question of guilt with introduction, after a verdict of guilty, of "such additional evidence as the government and the defendant might wish to introduce before determining the sentence." In the particular case the court concluded that the trial judge did not abuse his discretion in conducting a unitary trial because it did not prejudice the defense, particularly in light of the failure to request a two-stage trial.

7. It is not clear whether disclosures to an examining psychiatrist relating both to "guilt" and "sanity" are admissible at trial. See D.C.Code § 14–308 (1961); Edmonds v. United States, 104 U.S.App. D.C. 144, 146–147, 260 F.2d 474, 476– 477 (1958). Hence, unless the two issues are tried separately, the accused might be unwilling to give to the examining psychiatrists information relevant to his mental condition but which supports belief that he committed the offense. And defense counsel may be deterred by the threat of prejudice from eliciting at trial information relevant to sanity from psychiatric witnesses or from the accused. A bifurcated trial would avoid these impediments to full disclosure and presentation.

8. 28 U.S.C. § 2255. See Kyle v. United States, 297 F.2d 507, 511 n. 1 (2 Cir. 1961); Stirone v. United States, 341 F.2d 253, 257 (3d Cir. 1965), cert. denied, 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965).

9. In my view collateral relief would be appropriate upon a clear showing that a qualified psychiatrist examined the appellant before trial and informed counsel that the appellant suffered from a serious mental illness, and that counsel failed to present the insanity defense solely because he believed it would adversely affect other defenses. The District Court would then entertain a request for "bifurcation relief," and could, if so advised, grant a trial solely on the issue of sanity. If it appeared, however, that counsel advised appellant of Dr. Shapiro's report, the failure to invoke the insanity defense could be deemed the choice of appellant.

284

agree that the issue of prejudice raised by appellant is a serious one. They join in the preceding paragraphs of this opinion which are addressed to the problem of that type of prejudice, and indicate how such prejudice may be averted in the future, where the remedy of bifurcated trial is adopted in the sound discretion of the trial court in the interest of justice. They think, however, that appellant's claim is not such as to warrant retrospective application of this remedy, to judgments that have already become final, through a motion under 28 U.S.C. § 2255. Accordingly, the judgment is affirmed.

So ordered.

Danaher, Circuit Judge, dissented in part.