**Henry E. HIGGINS, Appellant,**

v.

**UNITED STATES of America.**

**No. 20920.**

United States Court of Appeals District of Columbia Circuit.

Argued March 22, 1968.

Decided June 28, 1968.

Mr. J. Albert Woll (appointed by this court), Washington, D. C., for appellant.

Mr. Carl S. Rauh, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Nicholas S. Nunzio, Asst. U. S. Attys., were on the brief, for appellee.

Before BURGER, TAMM and ROBINSON, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from a conviction for assault with intent to commit rape, 22 D.C. Code § 501 (1967). The record shows that the complainant, a 73 year old woman, was viciously assaulted in a public alley as she was feeding her cat. The attack was described in detail by the complainant and two neighbors who saw the attack from an apartment overlooking the alley and who immediately called police. When police arrived they observed a man struggling with the complainant. When observed the attacker fled but was promptly apprehended and arrested. He was partially disrobed when arrested.

Medical examination revealed that the complainant was severely beaten about the face and neck and suffered internal injuries, but there was no evidence that a rape had been consummated. All witnesses identified Appellant as the attacker and their description of the attack afforded abundant basis for the verdict. Appellant testified and gave a version of the events denying the substance of the testimony of prosecution witnesses.

Appellant's challenge to the sufficiency of the evidence is not supported by the record. If the jurors believed the complainant and other prosecution witnesses, as they obviously did, they could have returned no other verdict.

Appellant's challenges to the instructions on intent similarly offer no basis for reversal. Intent in these circumstances may be inferred from conduct and the inferences implicit in the verdict are fully warranted by the testimony of the complainant, the neighbors and police. Appellant's attack on the instruction as to circumstantial evidence need not be reached since the point was not raised by objection. Moreover, the instructions as a whole amply dealt with the matter of which Appellant now complains.

The final issue on appeal relates to the question of a bifurcated trial. Relying upon Holmes v. United States, 124 U.S.App.D.C. 152, 363 F.2d 281 (1966),

Appellant's counsel moved for a bifurcated trial on the first day of trial. In support of his motion he claimed that Appellant's prior rape conviction, relevant for purposes of an insanity claim, would prejudice his defense on the merits. Counsel also noted that psychiatric reports characterized Appellant as antisocial, and stated, "I have four psychiatrists." He did not state either who these psychiatrists were or what their testimony would be. After some discussion, the District Judge denied the motion, relying in part on the report of St. Elizabeths Hospital that Appellant was not suffering from a mental disease or defect.

At the close of his case, Appellant's counsel again renewed his motion at the suggestion of the District Judge. Counsel at this time offered only the testimony of a psychiatrist from the Legal Psychiatric Services and an oral communication from a private psychiatrist appointed by the court. When the District Judge asked to see the latter's report counsel informed the court that a written report was unavailable and counsel was relying upon the oral communication. Further examination of the Legal Psychiatric Services report revealed that it concluded, as had the St. Elizabeths report, that Appellant was not suffering from a mental disease or defect. After further discussion the District Judge instructed defense counsel to communicate with Appellant to ascertain whether the insanity claim would be made. Thereafter, in open court Appellant stated that he did not wish the insanity claim raised unless it were within the context of a bifurcated trial. Again the District Judge denied the motion.

The following day, after the jury reached its verdict, defense counsel again moved for a separate trial on criminal responsibility and was allowed to introduce the private psychiatrist's report. This report, while concluding that Appellant suffered from a mental disease and lacked capacity to control his behavior, contained no statements

**398**

relating the alleged illness to the alleged offense. The motion was again denied.

 Our *Holmes* opinion contemplated that motions for bifurcated trials were committed to the "broad discretion" of the trial judge and placed the burden on the defendant to demonstrate the need. *Id.* at 154, 363 F.2d at 283. *See also* Parman v. United States, 130 U.S.App.D.C. 188, 190, 399 F.2d 559, 561 (No. 20,506, decided May 20, 1968). On this claim we have a narrow scope of review. We hold that the District Judge did not abuse his discretion in denying bifurcation.

 The thrust of *Holmes* is that when bifurcation is requested the District Court should weigh "the substantiality of Appellant's insanity defense and its prejudicial effect on other defenses." Holmes v. United States, *supra*, at 154, 363 F.2d at 283. Here the proffer did not reveal a substantial insanity claim; indeed, the various psychiatric reports were to the contrary. The only psychiatric testimony tending to support Appellant's claim was not presented to the court at the time bifurcation was sought, *cf.* Harried v. United States, 128 U.S.App.D.C. 330, 333, 389 F.2d 281, 284 (1967). Moreover, the report later presented made no attempt to relate the alleged disease and the alleged act, a requirement imperative to the presentation of a successful insanity claim under our standards of criminal responsibility. McDonald v. United States, 114 U.S.App.D.C. 120, 312 F.2d 847 (1962) (*en banc*); Durham v. United States, 94 U.S.App.D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430 (1954). Indeed, the evidence of mental impairment in one of our recent opinions refusing to find an abuse of discretion in the denial of a motion to bifurcate was far greater than here. Harried v. United States, 128 U.S.App.D.C. 330, 389 F.2d 281 (1967).

Counsel, of course, is not required to put forward his case on insanity as a condition for bifurcation. But he must make a sufficient showing to justify the *Holmes* predicate of a "substantial" claim; representations capsulizing the substance of proffered testimony and summarizing reports, both represented as then available, or other evidence on which he relies are preferable. In this respect, it is no different from any proffer of evidence made to enable a judge to rule intelligently and also to make a record for review.

Affirmed.