**UNITED STATES of America**

v.

**Howard D. BROWN, Appellant.**

**No. 23022.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 6, 1970.

Decided June 3, 1970.

---

31. 5 U.S.C. § 706 (Supp. V, 1969).

Mr. John M. Cleary, Boston, Mass. (appointed by this court), for appellant.

Mr. James L. Lyons, Asst. U.S. Atty., with whom Messrs. Thomas A. Flannery, U.S. Atty., and John A. Terry, Asst. U.S. Atty., were on the brief, for appellee. Mr. Roger E. Zuckerman, Asst. U.S. Atty., also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, and WRIGHT and ROBB, Circuit Judges.

PER CURIAM.

Appellant was convicted of forgery, uttering and interstate transportation of forged securities; he was sentenced to terms of imprisonment of ten years on each count, the sentences to run concurrently. His primary point on appeal is that the trial judge accepted his counsel's stipulation that he had committed the acts charged in the indict-

ment "without first addressing the defendant personally" as required by Rule 11, Fed.R.Crim.P., before accepting a plea of guilty. We hold that Rule 11 is inapplicable in this case since a plea of guilty is not involved. We find, however, that the considerations which support the requirement of Rule 11 that the trial judge address the defendant personally are present in the limited circumstances of this case, those limited circumstances being the mental condition of the defendant and the stipulation of counsel admitting all of the acts charged. We therefore hold that, in the limited circumstances of this case, the trial judge here should have addressed the defendant personally before accepting the stipulation. While we apply our ruling in this case, it will not be applied otherwise except in cases tried after this date.

On March 18, 1970, this court remanded the case to the District Court to determine whether the waiver of appellant's right to a trial on all issues except insanity "was in fact made by the appellant. *Compare* Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed. 2d 314 (1966); McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)." The three cases cited in this court's remand order make clear that a plea of guilty in a criminal case is a waiver of three important *constitutional rights*: the Fifth Amendment right against self-incrimination, the right to trial by jury, and the right to confront one's accusers. These cases also make clear that the trial court, state or federal, has the responsibility to make certain that any such waiver complies with the requirement of Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461

(1938), as "an intentional relinquishment or abandonment of a known right or privilege."

As to federal prosecutions, Rule 11, Fed.R.Crim.P., sets up a prophylactic procedure to insure that the trial judge personally undertakes his responsibility with respect to the waiver of constitutional rights in accepting a plea of guilty. He must address the defendant personally to determine that the plea "is made voluntarily with understanding of the nature of the charge and the consequences of the plea."[1] Prior to 1966 some judges were not addressing the defendant personally, and Rule 11 was amended to require them to do so. And where this part of the Rule is not complied with, the conviction must be reversed. McCarthy v. United States, *supra.* The Court explained the reason for its ruling:

"* * * Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."

394 U.S. at 472, 89 S.Ct. at 1174.

This appeal does not involve a plea of guilty as such. It does involve a stipulation offered by counsel and

---

1. Rule 11, Fed.R.Crim.P. The pertinent part of the Rule reads:

"* * * The court may refuse to accept a plea of guilty, and *shall not accept such plea* or a plea of nolo contendere *without first addressing the de-* *fendant personally* and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * *"

(Emphasis added.)

accepted by the court that appellant committed all the acts charged in the indictment. But for the reservation of the mental issue this was a plea of guilty. The stipulation made out a *prima facie* case for the Government and shifted the burden to the defendant to produce "some evidence" to overcome the presumption of sanity and thus raise the insanity issue.[2] *See* McDonald v. United States, 114 U.S.App.D.C. 120, 122, 312 F.2d 847, 849 (1962) (*en banc*). While Rule 11 is not applicable here, no reason appears why the Rule 11 procedure of addressing the defendant personally should not be required. Most, if not all, of the constitutional rights Rule 11 seeks to protect were waived by the stipulation and the failure of the trial judge[3] to determine that the stipulation was "an intentional relinquishment or abandonment of a known right" by appellant as distinguished from his counsel left the record subject to attack with motions under 28 U.S.C. § 2255 (1964). McCarthy v. United States, *supra*, 394 U.S. at 492, 89 S.Ct. 1166.

In fact, in this case the need for judicial intervention was greater than in the normal plea of guilty because here the court had before it a defendant admittedly suffering from a mental disorder. Both appellant's and the Government's psychiatrists so testified, but only appellant's psychiatric witness stated that his acts were a product of his disease. Thus when, as here, defense counsel is placed in the position of stipulating, in one breath, that the defendant freely admits committing all the acts charged, and then in the same breath contending that the same defendant committed those same acts while suffering from a mental disease, a searching judicial inquiry is required to determine whether the defendant's waiver of trial by jury on acts charged in the indictment was voluntary and with understanding of its consequences. We hold that where a defendant in a criminal case seeks to waive trial on all issues except insanity the trial judge should address the defendant personally in determining whether the waiver is made voluntarily

2. We have indicated approval of bifurcated trials where the insanity defense is to be raised. Holmes v. United States, 124 U.S.App.D.C. 152, 154, 363 F.2d 281, 283 (1966); *see* Higgins v. United States, 130 U.S.App.D.C. 331, 401 F.2d 396 (1968). The stipulation here eliminated any need for a separate trial on the acts charged in the indictment.

3. The trial court in its memorandum in response to remand states:

"The real vice in this remand is that appellate procedures permit an attorney, who is wholly unfamiliar with the trial, to make *representations and suggestions* on appeal without having ascertained the basic facts as to how the proceeding was handled. * * * It will be increasingly difficult to call upon the bar to represent indigent defendants in the United States District Court if their professional conduct can be impunged [*sic*] by appellate counsel who do not even take the simplest precautions to verify in advance whether or not grounds intimated on appeal from a sterile record are in fact grounds that have any validity in fact."

As the citations in the order of remand make clear, this court was not concerned

about trial counsel's representation of the defendant. Indeed our study of the record indicates that trial counsel's representation was of a high order of excellence. This court was concerned whether, in the circumstances of this case, the prophylactic procedure of Rule 11 should have been followed by the trial court. We reject, too, the suggestion in the trial court's memorandum on remand that appellate counsel appointed by this court made "representations and suggestions on appeal without having ascertained the basic facts as to how the proceeding was handled." Appellate counsel, like the appellate court, looks to the record to see how the proceeding was handled in the trial court. In this connection it should be noted that much of the information contained in the trial court's memorandum on remand as quoted in the dissent is in neither the trial record nor the record on remand. Appellate counsel's argument here was based on the record. His representation of appellant on appeal, like the representation of trial counsel, was completely consistent with the high quality of professionalism to which the judiciary in the District of Columbia has become accustomed from appointed counsel.

with understanding of the consequences of his act.[4]

Reversed.

ROBB, Circuit Judge (dissenting).

Counsel for the appellant argued in this court that the district judge committed error by accepting the stipulation of the appellant's counsel at trial, that the appellant had committed the acts charged in the indictment, without first addressing the appellant personally. Over my dissent this court remanded the case to the district court to determine whether the "appellant himself, as distinguished from his counsel, waived his right to a trial on all issues" except the issue of insanity. In response to that remand District Judge Gesell has filed a memorandum in which he states in part:

"Defendant was indicted for forgery and uttering and found guilty by a jury. At the trial, defendant's counsel relied solely on the defense of insanity. The facts on the merits were stipulated after defense counsel had advised the jury on opening that the defendant admitted the facts. It has apparently escaped the attention of the Court of Appeals that when a written stipulation covering the facts was offered the following appears in the transcript:

" 'THE COURT. The stipulation is satisfactory to the defendant, is it not?

" 'TRIAL COUNSEL. Yes, Your Honor, we have agreed to it.'

"Counsel for defendant, having thus twice stated in open court in the presence of the defendant that the defendant conceded the facts, there was not then and there cannot now be any question in this Court's mind but that the statements of counsel were honestly made and correct. Daily a United States Distict Court proceeds on the assumption, proven reliable by long experience, that representations made in open court by trial counsel as officers of the Court are candid, truthful and may be accepted at face value. Were it otherwise, trials would bog down and the simplest issue of agreed fact could become the subject of repeated colloquy out of the jury's presence. It would make some trials a complete farce.

"There was no need for the Court, given the assurances that this Court received, to interrogate the defendant to find out whether or not his counsel was making a truthful statement to the Court. As the Court was then aware, the stipulation was carefully prepared in written form; it was entered into after trial counsel had fully reviewed the underlying FBI report and had conferred frequently with the defendant. In accordance with the common practice in this jurisdiction, trial counsel kept in his personal files written authority from the defendant to enter into the stipulation. Trial counsel's file contains the following, written in the handwriting of the defendant on the stipulation:

" 'Mr. O'Donnell, I authorize you to stipulate as much of the facts contained in this document as find necessary in order to avoid bringing in witnesses. Howard Davis Brown, Jr.'

"When this trial was over, the defendant, in writing, expressed appreciation for the humane consideration of the Court and stated he was deeply gratified to his attorney 'who must be praised for handling my case.' The Court, defense counsel, probation authorities, prison authorities and the U.S. Attorney spent substantial time out of court attempting to deal with this defendant's rehabilitation problems. From the outset of the case defendant acknowledged his

---

4. Our ruling does not apply to "stipulation[s] made in open court during the course of a trial," as suggested by our dissenting colleague, except in those instances in which the stipulation, like a plea of guilty, is an admission by a defendant of all the conduct charged to him as a crime, in which event the trial judge is to address the defendant personally with respect to the matter.

guilt and earnestly sought medical assistance which his unfortunate life history so clearly indicates he needs. The only tactic available to defense counsel was the one he adopted. Defendant, facing his seventh forgery conviction, was entirely consistent in permitting his counsel to stipulate the facts. Any chance he had on the insanity issue before the jury would have been greatly minimized if all of the sorry details of his course of conduct during the forgeries were brought forth through the mouths of the unfortunate victims."

For the reasons stated in the memorandum of the district judge I would affirm the appellant's conviction. To me it is incredible that the appellant did not fully approve the stipulation offered by his counsel in his presence; and his approval was wise. Reversal of the conviction on a contrary theory is in my judgment an excursion into fantasy. It is a ruling that does justice neither to the appellant nor to the public.

I cannot agree that "but for the reservation of the mental issue this was a plea of guilty." There was no plea of guilty; there was a plea of not guilty supported by a defense of insanity. Yet the majority opinion, while disclaiming any intention to do so, invokes the provisions of Rule 11, Fed.R.Crim.P., pertaining to pleas of guilty. Holding in one sentence that "Rule 11 is inapplicable in this case since a plea of guilty is not involved" the opinion in the next sentence applies to the "limited circumstances of this case" "the requirement of Rule 11 that the trial judge address the defendant personally". It is said that "no reason appears why the Rule 11 procedure of addressing the defendant personally should not be required". One reason immediately apparent to me is that those who drafted and later amended Rule 11 did not require such procedure in the case of stipulations; they required it only when the court accepted a guilty plea or a plea of *nolo contendere*. In my judgment the procedures of Rule 11 do not apply, are not intended to apply, and cannot reasonably be extended to apply, to a stipulation made in open court and in the presence of the defendant during the course of a trial. If it is held that they do apply to such a stipulation, even in what the majority refers to as "the limited circumstances of this case", then a needless technical complication will be added to the already intricate rituals of criminal procedure, and as the district judge well says, trials will bog down and in some cases will become farcical.

The majority says its ruling will apply only in the circumstances of this case. Yet if the ruling has any validity at all there is no logical reason why it should be limited to those circumstances. Logically, it should apply to any stipulation as to a vital element of the prosecution's case, that would otherwise be put in issue. I predict moreover that it will not be long before attempts are made to extend the holding to all such vital or important stipulations. Doctrines such as this have a way of extending their coverage, like oil on the water. The result will be further complications and confusions in the trial of criminal cases.

I dissent.