**UNITED STATES of America**

v.

**Lawrence W. GREEN, Appellant.**

**Nos. 24951, 24952.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 11, 1972.

Decided June 14, 1972.

Rehearing Denied Aug. 1, 1972.

**1314**

Mr. Milton A. Kallis, Washington, D. C. (appointed by this court), for appellant.

Mr. James A. Adams, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Mr. Harold H. Titus, Jr., present U. S. Atty., also entered an appearance for appellee.

Before FAHY, Senior Circuit Judge, WILKEY, Circuit Judge, and RONALD N. DAVIES,* U. S. Senior District Judge for the District of North Dakota.

WILKEY, Circuit Judge:

Appellant Green was charged in two indictments with first degree murder, carrying a dangerous weapon, entering a savings and loan association with intent to commit robbery, armed robbery, robbery, assault with a dangerous weapon, and kidnapping. United States District Judge Oliver Gasch consolidated the two cases for trial and ordered bifurcation of appellant's defense of insanity. The jury trial, begun 22 June 1970, resulted in guilty verdicts on all counts, except for five of the six counts of assault with a dangerous weapon dismissed by the court, and except for the lesser included offenses of robbery. On motion of defense counsel the jury was dismissed and appellant's insanity defense was tried to the court. The court's memorandum opinion of 17 August 1970 found that the appellant was sane at the time of the offenses, and upheld the verdict of the jury. Appellant was sentenced on 17 December 1970. The instant appeals from the various convictions were ordered consolidated for all purposes by this court *sua sponte*.

This appeal raises essentially two issues: (1) appellant challenges the constitutionality of a bifurcated trial, in that the element of "sound mind and discretion" of the murder offense was not passed upon by the jury which found appellant had committed the murder; and (2) he asserts insufficient evidence for the court's determination, in the second phase of the bifurcated trial, that the Government met its burden of proof that appellant was not suffering from a mental disease or defect on the dates of the offenses, or that if he was the offenses were not products of the mental illness.[1]

We do not find appellant's arguments meritorious, and thus affirm the judgment of the District Court.

## I.

As Judge Bazelon observed in *Holmes v. United States* (1966),[2] this court has recognized that substantial prejudice may result from simultaneous trial on the pleas of insanity and "not guilty," as the former requires testimony that the crime charged was the product of the accused's mental illness.[3] Since ordinarily this testimony will tend to make the jury believe that the de-

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

1. We find the other issues raised by appellant's brief to be without support in the record, and do not consider them here.

2. 124 U.S.App.D.C. 152, 153, 363 F.2d 281, 282.

3. Durham v. United States, 94 U.S.App. D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430 (1965). The *Durham* rule is currently under review by this court sitting *en banc* in United States v. Brawner, (No. 22,714).

fendant committed the crime with which he is charged, and since evidence of past anti-social propensities, which may be crucial to a defense of insanity, may be highly prejudicial with respect to other defenses, the District Court is permitted to exercise its discretion to rule that the issues raised by the "not guilty" plea be resolved before the introduction of evidence on insanity. This was such a case of potential prejudice, and we hold that the District Judge properly exercised his discretion to hold a bifurcated trial.

Appellant challenges the bifurcated trial here on the grounds that under D.C.Code § 22–2401 "sound memory," "sound discretion," "deliberate malice," and "premeditated malice" are jointly and severally essential elements of first degree murder, and since the jury did not pass upon the issue of insanity in the first phase of the trial, they did not consider these elements. Appellant claims that this is violative of the Supreme Court's directive that proof beyond a reasonable doubt is constitutionally required of "every fact" necessary to constitute the crime with which an accused is charged.[4]

The short answer to this challenge is that Judge Gasch instructed the jury that the Government must prove beyond a reasonable doubt that the defendant acted with malice and after premeditation. No amplification of the instruction on malice and premeditation was requested. The jury did consider and pass on these elements in the first phase of the trial. As for the remainder of appellant's argument, if "sound memory and discretion" is an element of first degree murder requiring affirmative proof by the Government,[5] this requirement was met in the second phase of the bifurcated trial, where the Government met its burden of proving appellant's sanity. As the appellant moved to dismiss the jury after the first part of the trial, and as he agreed to the bifurcation of the trial, he may not now complain that the finding on "sound memory and discretion" was made by the court in the second phase of the trial.

## II.

Where the defense of insanity has been raised, and where there is a defendant "so clearly and so seriously disabled" that the finder of fact "would be compelled to doubt his responsibility," a reviewing court must reverse a conviction on that ground.[6] The case at bar is not such a case.

Appellant's court-appointed independent psychiatrist and a St. Elizabeths Hospital staff psychiatrist both were instructed to examine appellant to determine his mental condition on the dates of the offenses and the relationship between his mental condition and the offenses charged. With the benefit of the St. Elizabeths records on appellant, and after their interviews with him, both determined that appellant was not suffering from a mental disease or defect on the dates of the offenses.

While two other experts did suggest that appellant was suffering from an abnormal mental condition on the dates of

4. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

5. It is by no means clear that "sound memory and discretion" is an element of first degree murder requiring affirmative proof. The first-degree murder statute in the District of Columbia is a restatement of the common-law offense of homicide. Jones v. United States, 111 U.S.App.D.C. 276, 296 F.2d 398 (1961) (en banc), cert. denied, 370 U.S. 913, 82 S.Ct. 1260, 8 L.Ed.2d 406 (1962). At common law the accused was presumed sane in all cases, absent the exculpatory defense of insanity. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895), and the Government was not bound, as part of its proofs, "to show, affirmatively, that the defendant was sane." Guiteau's Case, 10 F. 161, 163 (D.C.Sup. Ct.1882) (charge of Cox, J.). We mention this in passing, as we are not called upon in this case to decide whether the matter does require affirmative proof in all cases, since the proof *was* made here.

6. United States v. Eichberg, 142 U.S.App. D.C. 110, 111, 439 F.2d 620, 621 (1971).

their interviews with the appellant, no expert testified that *with reasonable medical certainty* [7] it could be concluded that appellant was suffering from a mental disease or defect *on the dates of the offenses,* and that the *offenses were the result* of any mental illness.

The weight and sufficiency of expert testimony are matters to be decided by the trier of fact.[8] The trier of fact on the issue of the insanity defense was the trial judge here, and as the expert testimony supports his determination that the Government met its burden of proving that appellant was not suffering from a mental disease or defect on the dates of the offenses, or that if he was the offenses were not products of the illness, his determination must be allowed to stand.

Accordingly, the judgment of the District Court is

Affirmed.

---

7. *See* Harried v. United States, 128 U.S. App.D.C. 330, 334, n. 3, 389 F.2d 281, 285, n. 3 (1967).

8. *See, e. g.,* King v. United States, 125 U.S. App.D.C. 318, 372 F.2d 383 (1967); McDonald v. United States, 114 U.S. App.D.C. 120, 312 F.2d 847 (1962) (*en banc*); Stewart v. United States, 94 U.S. App.D.C. 293, 214 F.2d 879 (1954).