**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marshall Crosby MILNE, a/k/a Phillip C. Gordon, Defendant-Appellant.**

**No. 74-1253**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1974.

Aaron A. Green, Gainesville, Fla. (Court-appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Pensacola, Fla., Clinton Ashmore, Stew-

**330**

art J. Carrouth, Asst. U. S. Attys., Tallahassee, Fla., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Appellant was tried before a jury, and sentenced after conviction of two counts of distribution of heroin, a Schedule II controlled substance, in violation of Title 21 U.S.C. Sec. 841(a)(1).[1]

On appeal Milne contends (1) that the trial judge abused his discretion by not permitting, upon his request, a bifurcated trial as to the separate issues raised by his defense of not guilty and his separate defense of mental incompetency at the time of the offense, and (2) that the prosecutor's remarks during closing jury argument were so prejudicial as to deny him a fair trial. We find no merit in either contention and affirm.

█ Appellant cites a line of cases from the D.C. Circuit[2] in support of his first ground of error. Regardless of the soundness of the views of our sister circuit, the question raised is answered for us by United States v. Huff, 5 Cir. 1969, 409 F.2d 1225, cert. denied, 1969, 396 U.S. 857, 90 S.Ct. 123, 24 L.Ed.2d 108, where we affirmed the denial by the district court of the same claimed right to a trial bifurcated as to the issues of guilt or innocence and insanity at the time the offense was committed, relying upon Spencer v. State of Texas, 1967, 385 U.S. 554, 567–568, 87 S.Ct. 648, 655–656, 17 L.Ed.2d 606; United States v. Jackson, 1968, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, and Bell v. Patterson, D.Colo.1968, 279 F.Supp. 760–767.

In *Huff* we specifically rejected the District of Columbia Circuit holding in *Holmes*, supra.[3]

█ As to the second point raised, that of prejudicial closing argument by the Assistant United States Attorney at appellant's trial, we determine from study of the record that the remarks objected to were elicited by defense counsel's argument, and constituted fair reply thereto.

Affirmed.

---

1. This appeal is from Milne's second conviction for the same offenses. We reversed his prior conviction, United States v. Milne, 5 Cir. 1973, 487 F.2d 1232, because of the trial judge's refusal to permit lay witnesses to testify in support of Milne's defense of insanity at the time of the commission of the alleged violation.

2. Holmes v. United States, 1966, 124 U.S. App.D.C. 152, 363 F.2d 281; United States v. Ashe, 1970, 138 U.S.App.D.C. 356, 427 F. 2d 626; United States v. Bennett, 1972, 148

U.S.App.D.C. 364, 460 F.2d 872; United States v. Green, 1972, 150 U.S.App.D.C. 222, 463 F.2d 1313.

3. Cf. Murphy v. State of Florida, 5 Cir. 1974, 495 F.2d 553 where we found no federal constitutional due process barrier to the denial by a Florida trial court of a bifurcated trial as to similar issues of innocence and insanity.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.