**Sterling C. CORLEY, Petitioner-Appellant,**

v.

**Harold J. CARDWELL, Superintendent, Arizona State Prison, Respondent-Appellee.**

No. 75–2688.

United States Court of Appeals, Ninth Circuit.

Aug. 9, 1976.

Certiorari Denied Jan. 10, 1977. See 97 S.Ct. 757.

B. Michael Dann (argued), of Treon, War-
nicke & Dann, Phoenix, Ariz., for petition-
er-appellant.

William J. Schaefer, III, Asst. Atty. Gen. (argued), Phoenix, Ariz., for respondent-appellee.

Before HUFSTEDLER and WALLACE, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

Corley was convicted of second degree murder in an Arizona state court. His conviction was affirmed on appeal. *State v. Corley,* 108 Ariz. 240, 495 P.2d 470 (1972). After his petition for a writ of habeas corpus was denied by the Supreme Court of Arizona, Corley filed his petition for a writ of habeas corpus in the United States District Court. The petition was dismissed, and this appeal followed.

### THE MOTION TO SUPPRESS

■ The State provided an opportunity for full and fair litigation of Corley's fourth amendment claim. Accordingly, federal habeas relief cannot be predicated on claimed illegality of the search and seizure. *Stone v. Powell,* —— U.S. ——, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

### DOUBLE JEOPARDY

■ In Corley's first trial the jury was unable to agree. Corley claims double jeopardy (*Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)) on the ground that the jury was discharged too soon. The trial judge has a broad discretion in granting a mistrial (*Illinois v. Somerville,* 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973)), and the burden is on the defendant to establish an abuse of that discretion. *Oelke v. United States,* 389 F.2d 668 (9th Cir. 1967), *cert. denied sub nom. Graves v. United States,* 390 U.S. 1029, 88 S.Ct. 1420, 20 L.Ed.2d 286 (1968). After an evidentiary hearing, the court below found that the trial judge did not abuse his discretion in discharging the jury at the time he did.

After reviewing the evidence, we are unable to say that the finding of the court below was erroneous.

### COUNSEL'S ADMISSION OF THE ACT OF KILLING

■ During the opening argument, counsel for Corley advised the jury that the victim died as a result of an act committed by Corley. Counsel then stated:

. . . We don't admit that he is guilty of second degree murder, because that burden, like the burden of every other issue in this case, is on the State to prove to you beyond a reasonable doubt, that Dr. Corley is guilty of second degree murder. TR Vol. III, p. 69

and

. . . So this is really the big issue that you have to determine in this case, the guilt of second degree murder, and whether or not Dr. Corley was sane or insane at the time. . . . TR Vol. III, p. 70

It is now urged that this was tantamount to a plea of guilty and that the admission should not have been made absent an interrogation to establish that there had been an intentional " ' . . . relinquishment or abandonment of a known right or privilege.' " *Brookhart v. Janis,* 384 U.S. 1, 4, 86 S.Ct. 1245, 1247, 16 L.Ed.2d 314 (1966). What was done here was not equivalent to a plea of guilty. There was an admission of but one fact, albeit an important one. The issues of intent, accident, mistake, self-defense, and insanity were still left. Corley's chief reliance was on the defense of insanity. Corley's lawyer was faced with a tactical problem—should he take the somewhat inconsistent position that Corley didn't do the killing but that, if he did, he was insane? Would he not add to the credibility of Corley's insanity defense by admitting the fact of the killing—a fact which it is quite apparent the state could have proved

---

* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

up to the hilt? In our opinion, what was done here did not offend the rule of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Were we otherwise persuaded to follow *United States v. Brown,* 138 U.S.App.D.C. 398, 428 F.2d 1100 (1970), a matter we do not now decide, we note that the admissions made in *Brown* were far more extensive than those made here.

## CORLEY'S EXPOSURE TO THE JURY IN MANACLES

■ Corley asserts that his exposure to the jury in manacles on two occasions deprived him of due process. Corley made motions for a mistrial based on these alleged exposures. After an evidentiary hearing, the court below found that on one occasion Corley was exposed to the jury in manacles and that it was possible that some jurors may have seen him in manacles on another occasion. The trial court found that but one juror had seen Corley in manacles and that there was no prejudice. A defendant who, absent exceptional circumstances, is forced to stand trial manacled or in prison garb is denied due process. *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Bentley v. Crist,* 469 F.2d 854 (9th Cir. 1972). From the brief glimpse of Corley in manacles the jury may have gained the idea that Corley was in jail and was considered by the guards to be dangerous. Corley's counsel, however, told the jury that Corley had been in jail for a year, admitted that he had killed, and in addition proved by a psychiatrist that "[Corley's] potential for violent or dangerous behavior is moderately severe, particularly when threatened." TR Vol. VI, p. 482. The jury could not infer from these exposures anything beyond what counsel had told them.[1] Under these circumstances the acts of exposure, being neither continuous nor aggregated,[2] do not in our opinion amount to a denial of constitutional rights.

## CORLEY'S REFUSAL TO DISCUSS THE CRIME WITH THE PSYCHIATRIST

■ In his case-in-chief, Corley's counsel called two psychiatrists who testified that in their opinion Corley was legally insane. On the direct examination of those witnesses, it was revealed that Corley had refused to talk to the psychiatrists about the facts surrounding the killing in the absence of his attorney. On cross-examination the same facts were repeated, and in argument the prosecutor argued to the effect that the psychiatrists did not have all of the facts in the case. The cross-examination was legitimate and the argument was legitimate. The psychiatrists having expressed an opinion, the state had a right to explore the foundation on which the opinion rested and had a right to argue the weaknesses in the foundation. There was no deprivation of fifth or sixth amendment rights.

## PROSECUTORIAL MISCONDUCT

■ Corley's counsel elicited from a witness called by him on direct examination the following:

Q Doctor, as a result of the history you took on that date, and your examination of Dr. Corley, based on you long years of experience in the field, were you able to come to a conclusion or an opinion as to his mental condition as it existed on the date of your examination?

A Yes, we did come to an opinion as to his mental condition on the date of our examination.

Q Would you express, please, the opinion you formed concerning the condition as of that date?

A We were presented with a series of questions, seven in number, which we sought to follow, at the orders of Judge Gordon, and I will read the actual opinions verbatim.

\*　\*　·\*　\*　\*　\*

---

1. " 'No prejudice can result from seeing that which is already known.' " *Estelle v. Williams, supra* at 507, 96 S.Ct. at 1694.

2. *See United States v. Figueroa-Espinoza,* 454 F.2d 590 (9th Cir. 1972); *United States v. Acosta-Garcia,* 448 F.2d 395 (9th Cir. 1971).

"6. Defendant's potential for violent or dangerous behavior is moderately severe, particularly when threatened."

\*  \*  \*  \*  \*  \*

TR VOL. VI, pp. 480–82

On cross-examination, the prosecutor read the same statement (the answer to No. 6) to the witness and asked:

Is it correct, Doctor, that Dr. Corley could kill again? TR VOL. VI, p. 518

On objection, the question was withdrawn. Corley's counsel moved for a mistrial, which was denied. In view of the whole record, we do not believe that the asking of this question deprived Corley of a fair trial. There was no denial of due process.

## CREDIT FOR JAIL TIME PENDING APPEAL

■ Corley, who was given less than the maximum sentence of life, asserts a constitutional right to credit for the time spent in jail awaiting trial. There is no such constitutional right except in those cases where a defendant's sentence combined with jail time is greater than the maximum punishment provided by law. *Hook v. Arizona,* 496 F.2d 1172 (9th Cir. 1974).

## THE INSANITY INSTRUCTION

■ The trial judge instructed the jury under the M'Naghten rule (8 Eng.Rep. 718 (1843)). Such is not constitutionally forbidden. *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 .L.Ed. 1302 (1952); *Eyman v. Alford,* 448 F.2d 306 (9th Cir. 1969).

Affirmed.