73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Michael P. McCORMACK, Petitioner-Appellant,
v.
Manfred F. MAASS, Respondent-Appellee.
 No. 94-35867.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Dec. 22, 1995.
 
 Before: BROWNING, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Since the parties are familiar with the facts, we need not recite them here.
 
 I. Competency to Stand Trial
 
 3
 A defendant is competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and if "he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). Four of the five mental health experts who examined McCormack determined that he had the capacity to understand the nature of the proceedings and had the capacity to aid and assist in his defense. The trial judge and attorneys had the opportunity to observe McCormack's demeanor throughout the trial but did not deem it necessary to hold a competency hearing. "While the opinion of [defendant's] counsel certainly is not determinative, a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings." Hernandez v. Ylst, 930 F.2d 714, 718 (9th Cir.1991). The fact that there was conflicting evidence before the state court does not mean that the state court's resolution of the conflict was not fairly supported by the record. Evans v. Raines, 800 F.2d 884, 887 (9th Cir.1986).
 
 
 4
 There is sufficient evidence in the record to fairly support the post-conviction court's finding that McCormack was competent to stand trial.
 
 II. Ineffective Assistance of Counsel
 
 5
 The trial attorneys were entitled to rely on the medical reports which concluded that McCormack was competent to stand trial. Moran v. Godinez, 40 F.3d 1567, 1576 (9th Cir.1994), cert. denied, --- S.Ct. ----, 1995 WL 545599 (1995). McCormack failed to show how he was prejudiced by the alleged ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 688 (1984). McCormack failed to show that if the trial court had conducted a pretrial competency hearing, the outcome of his trial would have been different.
 
 III. Insanity Plea
 
 6
 McCormack's argument that his insanity plea was invalid because he did not give his consent to plead insanity is not compelling, and the cases cited by McCormack in support of his argument are inapposite. In State v. Peterson, 689 P.2d 985, 992 (Or.Ct.App.1984), the trial court applied the defense of guilty due to insanity over the objection of the defendant and his counsel. Here, the insanity plea was made by McCormack through his defense counsel. In United States v. Brown, 428 F.2d 1100, 1102 (D.C.Cir.1970), the case was a direct appeal of a criminal conviction. In this case, McCormack's insanity plea was examined during a collateral challenge, and the state post-conviction court found that McCormack understood and consented to the insanity defense. Moreover, in Corley v. Cardwell, 544 F.2d 349 (9th Cir.1976), cert. denied 429 U.S. 1048 (1977), we held that the concerns addressed in Brown were not implicated where a defendant's attorney conceded that the defendant had killed the victim because other issues, including insanity, remained to be determined. Id. at 351. The same is true here.
 
 
 7
 Upon review, it is apparent that the post-conviction court's determination that McCormack understood and consented to the plea of not guilty due to insanity is fairly supported by the record.
 
 IV. CONCLUSION
 
 8
 The denial of McCormack's petition for habeas corpus relief is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3