**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Samuel SCHUSTER,
Defendant-Appellant.**

No. 83–5178.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1984.

Decided June 4, 1984.

Robert Perry, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Alvin S. Michaelson, Michaelson & Withey, Los Angeles, Cal., for defendant-appellant.

---

Before GOODWIN, SNEED and ALAR-CON, Circuit Judges.

PER CURIAM:

Samuel Schuster (Schuster) appeals his conviction for conspiracy to launder money in currency transactions related to narcotics activities in violation of 18 U.S.C. § 371.

We are called upon to decide whether Rule 11 of the Federal Rules of Criminal Procedure and the law of this circuit require that a trial court advise a defendant of his right to confront and cross-examine the government's witness where trial by jury is waived and the issue of guilt is determined from stipulated facts.

Schuster was charged in six counts with violations of laws prohibiting money laundering and narcotics trafficking. In exchange for Schuster's consent to waive his right to trial by jury and to allow the court to determine his guilt concerning count one on stipulated facts, the government agreed to dismiss the remaining counts if the court found Schuster guilty.

Schuster's trial counsel advised the court that this was to be "a trial on a series of stipulated facts which have been presented to me, executed by me, read by me to Mr. Schuster, and executed by him." After questioning Schuster, the court concluded that the defendant knowingly concurred in a trial based on stipulated facts and personally waived his right to trial by jury. The court did not expressly advise Schuster of his sixth amendment right to confrontation.

 Schuster now contends that the judgment must be reversed because of the court's failure to admonish him of his right to confrontation. Schuster suggests that we should apply the rule adopted by the California Supreme Court in *In re Mosley*, 1 Cal.3d 913, 83 Cal.Rptr. 809, 464 P.2d 473, *cert. denied*, 400 U.S. 905, 91 S.Ct. 144, 27 L.Ed.2d 142 (1970), and compel a trial judge to advise a defendant of his right to confrontation before accepting his consent to the presentation of the government's evidence upon a stipulated set of facts that are "tantamount to a plea of guilty." *Mosley*, 1 Cal.3d at 927, 83 Cal. Rptr. 809, 464 P.2d 473. We decline to do so. It is the law of this circuit that the admonition required by Rule 11 applies only to pleas of guilty or *nolo contendere*.[1] A trial judge need not advise a defendant of his right to confrontation in a trial that is tantamount to a plea of guilty in which each of the elements of the crime are stipulated to and no defense is offered. *United States v. Miller*, 588 F.2d 1256, 1264 (9th Cir.1978) (citing *United States v. Terrack*, 515 F.2d 558, 561 n. 3 (9th Cir.1975)), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979).

It should be noted that Schuster did not stipulate to facts conclusively demonstrating his guilt in order to preserve his right to raise an affirmative defense on appeal, as did the appellants in *Terrack* and *Miller*. Instead, the court was advised by Schuster's trial counsel that the issue of guilt was to be determined by the court and "the government still has the ultimate obligation of proving the elements of the crime charged."

The government submitted the issue of guilt to the court upon the stipulated facts without making an oral argument. Thereupon, Schuster's attorney moved for a judgment of acquittal. Counsel argued that there was no evidence to show that Schuster had knowledge that "he was doing anything wrong." The trial court was told that the evidence established "simple association" and not a conspiracy because of the absence of any proof of an agreement. We cannot say in the face of Schuster's vigorous attack on the sufficiency of the evidence at trial that the stipulation was a de facto plea of guilty.[2]

 The stipulation was also conditioned upon Schuster's right of appeal "should he

---

1. Other circuit courts have held that the Rule 11 advisements are applicable to stipulations that amount to a plea of guilty. *E.g., Julian v. United States*, 236 F.2d 155 (6th Cir.1956); *United States v. Brown*, 428 F.2d 1100 (D.C.Cir.1970).

2. In fairness to Schuster, it should be noted that our research has disclosed to us that the California Supreme Court no longer restricts the requirement of an admonition of the right to confrontation to cases that are tantamount to a plea of guilty. In *Bunnell v. Superior Court*, 13

so elect." Precisely as contemplated at the time the stipulation was accepted by the court, Schuster has challenged the sufficiency of the evidence of guilt on this appeal. We are satisfied from our review of the stipulation that this contention lacks merit.

The evidence presented to the trial court was sufficient to show that Schuster knowingly participated in a conspiracy to launder money obtained from narcotics trafficking. The facts set forth in the stipulation showed that Dorothy Hackett (Hackett) was a member of a conspiracy, which provided a money laundering service for major narcotics peddlers. Hackett picked up large quantities of currency from Samuel Schuster in 1981 and 1982. Hackett advised Schuster that an official at Security National Bank was being bribed not to file currency transaction reports concerning the money provided by Schuster. The evidence also reflected that Schuster directed that laundered money be disbursed in interstate and foreign commerce and that Schuster paid one-half of one percent for the laundering service.

Viewing the stipulated facts and the logical inferences that can be drawn therefrom in the light most favorable to the government, there is substantial evidence of Schuster's guilt of the crime charged beyond a reasonable doubt. *See United States v. Chesher*, 678 F.2d 1353, 1357–58 (9th Cir.1982) (where a case is submitted on stipulated facts, we must determine if such proof presents substantial evidence of guilt beyond a reasonable doubt).

As Schuster voluntarily consented to a court trial based on stipulated facts that demonstrate his guilt, we must AFFIRM.

Cal.3d 592, 119 Cal.Rptr. 302, 531 P.2d 1086 (1975), the court held that "the record shall reflect such advice, waivers, and acknowledgement by the defendant of his understanding of these consequences in *all* submissions." *Id.* at 605, 119 Cal.Rptr. 302, 531 P.2d 1086 (emphasis added). The court thus abandoned "[t]he distinction heretofore established between submissions that are 'tantamount to a plea of guilty' and those in which the defendant actively contests his guilt ...." *Id.* This court's decisions have never made this distinction.