UNITED STATES, Appellee,

v.

Pamela M. CRAIG, Sergeant, U.S. Marine Corps, Appellant.

No. 97–0756.
Crim.App. No. 95–1538.

U.S. Court of Appeals for the Armed Forces.

Argued Dec. 17, 1997.

Decided April 17, 1998.

For Appellant: *Lieutenant Albert DiGiulio,* JAGC, USNR (argued); *Lieutenant C.J. McEntee,* JAGC, USNR (on brief).

For Appellee: *Lieutenant Commander Nancy Blankenship Jones,* JAGC, USN (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief).

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to her pleas, of conspiracy to wrongfully distribute marijuana (Charge I and its specification) and wrongfully introducing marijuana onto a military installation with intent to distribute (specification 3 of Charge II), in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 USC §§ 881 and 912a, respectively. Contrary to her pleas, appellant was convicted of three specifications of wrongfully distributing marijuana, in violation of Article 112a (specifications 1, 2 and 4 of Charge II). The adjudged sentence pro-

vided for a bad-conduct discharge, confinement for 18 months, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence but, in accordance with a pretrial agreement, suspended monthly forfeitures in excess of $900.00 for one year. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

Our Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED, AS A MATTER OF LAW, WHEN HE ACCEPTED INTO EVIDENCE APPELLANT'S CONFESSIONAL STIPULATION OF FACT.

Appellant argues that the military judge erred in two ways. First, he failed to elicit an adequate factual predicate for appellant's confessional stipulation. Second, he erroneously advised appellant that her confessional stipulation waived her constitutional rights against self-incrimination, to a trial of the facts, and to confront and cross-examine the witnesses against her. We affirm the decision of the court below.

*Factual Background*

Appellant pleaded guilty to conspiring with Sergeant (Sgt) Abdus–Sabur and Lance Corporal (LCpl) Tanya Robinson to wrongfully distribute marijuana. Her guilty plea was pursuant to a pretrial agreement that included a requirement to enter into a confessional stipulation concerning the three offenses to which she pleaded not guilty. *See* RCM 705(b)(1), Manual for Courts–Martial, United States (1995 ed.) (pretrial agreement may include agreement to enter into confessional stipulation). In her plea of guilty to conspiracy, appellant admitted numerous overt acts to effect the object of the conspiracy, including the following:

(1) Giving Sgt Abdus–Sabur a $50.00 check to purchase marijuana;

(2) Participating, along with Sgt Abdus–Sabur and LCpl Robinson, in repackaging the marijuana purchased by Sgt Abdus–Sabur into 20 "dime bags" for resale; and

(3) Wrongfully distributing the marijuana to three other Marines and one civilian.

After appellant entered her guilty pleas, the military judge advised her of the meaning and effect of a guilty plea in accordance with RCM 910(c). He advised her that, by pleading guilty, she gave up the right against self-incrimination, the right to a trial of the facts, and the right to confront and cross-examine the witnesses against her and to call witnesses on her behalf. He informed her that she kept those rights with regard to the Charges and specifications to which she pleaded not guilty.

A single stipulation of fact was used both to establish the factual predicate for the guilty pleas and to satisfy appellant's obligation to enter into a confessional stipulation regarding the contested offenses. The military judge advised appellant that she was "in complete control" of whether he accepted the stipulation of fact, and that he would not consider the stipulation unless she wanted him to. He advised appellant that the stipulation "amounts to a confession of the elements" of the offenses to which she had pleaded not guilty. He ascertained that appellant had discussed the stipulation with her counsel and was fully satisfied with their advice. The military judge recited on the record the results of an RCM 802 conference where "it was discussed that part of the difficulty in the case was that [appellant] might have had some difficulty entering pleas of guilty to offenses that [she] didn't actually perpetrate, distributions that [she] didn't actually do." He explained the concept of vicarious criminal liability, and he advised appellant that the stipulation covered every element of the offenses to which she pleaded not guilty.

The military judge then explained that, by pleading not guilty, appellant had placed the burden on the prosecution to prove its case beyond a reasonable doubt, but that the stipulation would relieve the prosecution of its burden of proof. He reminded appellant that, by pleading not guilty, she retained her constitutional rights against self-incrimination, to a trial of the facts, and to confront and cross-examine the witnesses against her.

The military judge then advised appellant that, "if you enter into this confessional stipulation of fact, you are going to be giving up those three constitutional rights with regard to Specifications #1, #2 and #4 under Charge II."

The military judge next advised appellant of the elements of the offenses to which she had pleaded guilty. He then elicited from appellant the following factual predicate for both the guilty pleas and the confessional stipulation: Appellant was approached by a fellow Marine, LCpl Tanya Robinson, who told appellant that Sgt Abdus–Sabur was selling marijuana and was looking for someone to help him. Appellant did not respond to LCpl Robinson's solicitation. Then Sgt Abdus–Sabur approached appellant directly, and she agreed to "go into business" with him and LCpl Robinson. Appellant gave Sgt Abdus–Sabur a check for $50.00. He combined appellant's money with $50.00 of his own and purchased some marijuana. Sgt Abdus–Sabur brought the marijuana to appellant's home, where he, LCpl Robinson, and appellant divided it into 20 "dime bags" to be sold for $10.00 each. Appellant's intention was to double her money. These facts were recited in less detail in paragraphs 2–4 of the confessional stipulation. They also correspond to the first two overt acts of the conspiracy set out above.

While they were dividing the marijuana, LCpl Robinson purchased one "dime bag." This distribution to LCpl Robinson was charged in specification 1 of Charge II and recited in paragraph 5 of the confessional stipulation.

LCpl Robinson took her bag of marijuana into the living room of appellant's home, where she shared it with Cpl Yolanda Porter, Cpl Clen Carter, and a Marine known only as "Lindsey." This further distribution of LCpl Robinson's marijuana was charged in specification 2 of Charge II and recited in paragraphs 6 and 7 of the confessional stipulation.

Later in the evening, Carolyn Johnson, a civilian family member living in base housing, called appellant's home "four, five, six times" and asked if she could purchase some marijuana. Appellant, accompanied by LCpl Robinson, drove her car to Carolyn Johnson's quarters. They both went into Carolyn Johnson's quarters, where LCpl Robinson handed Ms. Johnson a "dime bag" and collected $10.00. Appellant admitted that the sale to Ms. Johnson was "clearly part of the enterprise" that she had agreed to with Sgt Abdus–Sabur.

The transfer to Ms. Johnson was charged in specification 4 of Charge II and recited in paragraph 8 of the confessional stipulation. The distributions to the Marines in her home and Ms. Johnson correspond to the third overt act of the conspiracy set out above.

Appellant told the military judge that she knew the substance was marijuana because Sgt Abdus–Sabur said it was. She described the substance as looking like a weed and "blackish in color." Paragraph 11 of the stipulation recites that the substance was chemically analyzed and determined to be marijuana.

Appellant admitted to the military judge that the transfers to LCpl Robinson, Ms. Johnson, and the three Marines in her home occurred while the agreement remained in effect and were contemplated by the agreement. Paragraph 12 of the confessional stipulation recites the same facts.

The only paragraphs of the stipulation not expressly covered during the guilty plea inquiry were paragraph 1, which merely identifies appellant; paragraph 9, which recites the apprehension of LCpl Robinson and search of her vehicle and home; and paragraph 10, which recites that appellant and Sgt Abdus–Sabur confessed to law enforcement agents and were cooperative.

After examining the factual predicate for the guilty pleas and the confessional stipulation, the military judge inquired into the terms of the pretrial agreement and ensured that appellant understood it and agreed to it.

In a sworn statement during the sentencing hearing, appellant explained her willingness to enter into a confessional stipulation and her refusal to plead guilty to distributing marijuana. She explained:

I entered into the confessional stipulation of fact because I knew that some of the

things I was guilty for, and from where I grew up, sir, I knew that under the law of conspiracy I was actually guilty of distribution, sir, but in my heart, sir, I feel that I didn't actively do it and I was just adamant against pleading guilty to things that I didn't do, sir, even though I fully understand that under the law of conspiracy I am guilty, sir, but in my heart I'm not.

### Discussion

■ RCM 811(c) requires that, "[b]efore accepting a stipulation in evidence, the military judge must be satisfied that the parties consent to its admission." In *United States v. Bertelson*, 3 MJ 314, 315 (1977), this Court held that a confessional stipulation may not be accepted unless the accused "knowingly, intelligently and voluntarily consent[s] to its admission." In addition, the military judge must "ascertain from the accused on the record that a factual basis exists for the stipulation" and conduct a plea bargain inquiry. *Id.* at 317; *see* RCM 811(c), Discussion.

In *United States v. Watruba*, 35 MJ 488 (1992), this Court held, in a divided opinion, that a military judge committed prejudicial error by advising an accused that a confessional stipulation waived the constitutional rights against self-incrimination, a trial of the facts, and the right to confront and cross-examine the witnesses against him; and by further advising the accused that the stipulation relieved the Government of its burden of proving the offense.

Turning to appellant's contentions, we first hold that an adequate factual predicate for the confessional stipulation was established.

The military judge's dialogue with appellant on the record supported every incriminating fact admitted in the confessional stipulation.

■ With respect to the military judge's advice concerning the effect of the stipulation, we hold that the military judge erred by advising appellant that the stipulation waived her constitutional rights against self-incrimination, to a trial of the facts, and to confront and cross-examine the witnesses against her. *United States v. Watruba, supra.*

■ We hold, however, that the error was harmless in this case. Unlike *Watruba*, appellant admitted that she was legally guilty of the contested offenses, but she could not bring herself to plead guilty to distribution because she had not personally delivered the marijuana to the various recipients. Also unlike *Watruba*, appellant admitted the misconduct alleged in the contested specifications when she pleaded guilty to a conspiracy in which the same overt acts were alleged. Appellant's motivation for pleading not guilty but entering into a confessional stipulation was clearly set out in her sworn testimony on the record. The record in this case leaves no doubt that appellant understood the meaning and effect of the confessional stipulation.

### Decision

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and EFFRON concur.