# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM 40485 (f rev)

————————————

### UNITED STATES
*Appellee*

v.

### Aaron R. WILLIAMS II
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary
*Upon Further Review*

Decided 12 February 2025

————————————

*Military Judge*: Thomas A. Smith.

*Sentence*: Sentence adjudged 2 February 2023 by GCM convened at Minot Air Force Base, North Dakota. Sentence entered by military judge on 23 March 2023: Dishonorable discharge, confinement for 18 months, and reduction to E-1.

*For Appellant*: Major Megan R. Crouch, USAF; Major Nicole J. Herbers, USAF.

*For Appellee*: Colonel Steven R. Kaufman, USAF; Colonel Matthew D. Talcott, USAF; Lieutenant Colonel J. Peter Ferrell, USAF; Major Jocelyn Q. Wright, USAF; Captain Ashley K. Torkelson, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MASON, and KEARLEY, *Appellate Military Judges*.

Chief Judge JOHNSON delivered the opinion of the court, in which Judge MASON and Judge KEARLEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

JOHNSON, Chief Judge:

The military judge found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongfully possessing child pornography, one specification of wrongfully distributing child pornography, and one specification of wrongfully viewing child pornography, all in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 18 months, and reduction to the grade of E-1. The convening authority denied Appellant's request for deferment of the reduction in grade and took no action on the findings or sentence.

Appellant initially raised three issues on appeal, which we have rephrased: (1) whether the application of the firearms prohibition in 18 U.S.C. § 922 to Appellant, as reflected in the staff judge advocate's indorsement to the entry of judgment, is unconstitutional where Appellant was convicted of a "non-violent offense;" (2) whether a plea agreement term requiring the imposition of a dishonorable discharge violated public policy; and (3) whether Appellant's sentence is inappropriately severe.[2] In reviewing the record, this court noted *sua sponte* that the court-martial convening order was missing from the original record of trial. *See* Rule for Courts-Martial (R.C.M.) 1112(b), (3) ("The record of trial in every general and special court-martial shall include . . . [a] copy of the convening order and any amending order."). Accordingly, this court remanded the record to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the record. *United States v. Williams*, No. ACM 40485, 2024 CCA LEXIS 450 (A.F. Ct. Crim. App. 6 Aug. 2024) (order).

After Appellant's case was re-docketed with this court, Appellant filed a brief stating he "preserve[d] and maintain[ed]" his original assignments of error, but did not raise any additional issues.

We have carefully considered issue (1) and find it does not warrant discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). With respect to the remaining issues, we find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant personally raised issues (2) and (3) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## I. BACKGROUND

On 4 December 2020, the National Center for Missing and Exploited Children (NCMEC) was notified that on 14 November 2020, three files of apparent child pornography were uploaded to a smartphone instant messaging application from a registered user account. NCMEC forwarded the report to the North Dakota Bureau of Criminal Investigation, which conducted an investigation and determined the account in question belonged to Appellant.

In April 2021, the Air Force Office of Special Investigations (OSI) initiated an investigation and conducted a search of Appellant's residence, seizing five digital media devices. Appellant cooperated with the OSI investigation, to include providing passwords for his devices. During an interview, Appellant admitted that he was invited to join a "Lolilove group" of users of this instant messaging application, a term that denotes prepubescent females engaged in sexual activity. Appellant also admitted that he shared videos and pictures on the application "mostly" depicting prepubescent females engaged in sexual activity.

Subsequent forensic analysis identified suspected child pornography on a tablet and two cell phones the OSI seized from Appellant. At trial, the Government introduced 31 files obtained from Appellant's devices. These files consisted of videos and photos which Appellant agreed depicted "minors" engaging in "sexually explicit conduct."

Appellant entered into a plea agreement with the convening authority whereby Appellant agreed, *inter alia*, to plead guilty to all three specifications and to be sentenced by the military judge. The plea agreement required the military judge to adjudge a sentence that included a dishonorable discharge as well as terms of confinement not less than 12 months and not more than 18 months for each of the specifications, to run concurrently. Appellant did not object to the terms of the plea agreement during his court-martial. The military judge imposed a dishonorable discharge, reduction to the grade of E-1, and concurrent 18-month terms of confinement for each of the three specifications.

## II. DISCUSSION

### A. Plea Agreement Term Requiring Dishonorable Discharge

#### 1. Law

The effect of a plea agreement is a question of law, which we review de novo. *See United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (citation omitted). Whether a plea agreement term violates the Rules for Courts-Martial (R.C.M.) is also a question of law we review de novo. *See United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted).

"[T]he convening authority and the accused may enter into a plea agreement with respect to such matters as . . . limitations on the sentence that may be adjudged for one or more charges and specifications." Article 53a(a)(1), (B), UCMJ, 10 U.S.C. § 853a(a)(1), (B). "A term or condition in a plea agreement shall not be enforced if it deprives the accused of . . . the right to complete presentencing proceedings . . . ." R.C.M. 705(c)(1)(B); *see also United States v. Davis*, 50 M.J. 426, 429 (C.A.A.F. 1999) (quoting *United States v. Allen*, 25 C.M.R. 8, 11 (C.M.A. 1957)) (holding a pretrial agreement "cannot transform the trial into an empty ritual"); *United States v. Cron*, 73 M.J. 718, 729 (A.F. Ct. Crim. App. 2014) ("[D]ue process concerns outweigh contract principles . . . [and,] [t]o that end, a provision that denies the accused a fair hearing or otherwise 'substitutes the agreement for the trial, [thereby] render[ing it] an empty ritual' violates public policy." (fourth and fifth alterations in original) (quoting *United States v. Holland*, 1 M.J. 58, 60 (C.M.A. 1975))) (additional citation omitted). However, "[a] plea agreement that limits the sentence that can be adjudged by the court-martial for one or more charges and specifications may contain . . . limitations on the maximum and minimum punishments that can be imposed by the court-martial." R.C.M. 705(d)(1), (C).

### 2. Analysis

Appellant contends the plea agreement provision requiring the military judge to impose a dishonorable discharge rendered the presentencing proceeding an "empty ritual," was contrary to public policy, and deprived him of "his opportunity to secure a fair and just sentence." Appellant cites Article 56(c)(1), UCMJ, 10 U.S.C. § 856(c)(1), which provides in part, "a court-martial shall impose punishment that is sufficient, but not greater than necessary, to promote justice and to maintain good order and discipline in the armed forces . . . ." Appellant suggests the plea agreement's requirement for a dishonorable discharge deprived the military judge, as the sentencing authority, the opportunity to independently determine whether a sentence including a dishonorable discharge was greater than necessary in Appellant's case.

We do not find the plea agreement provision requiring a dishonorable discharge was impermissible. R.C.M. 705(d)(1) specifically permits plea agreements to impose minimum limitations on the sentence a court-martial may impose. As Appellant acknowledges, this court has repeatedly held plea agreement provisions requiring military judges to adjudge punitive discharges did not violate the Constitution, the UCMJ, or public policy. *See, e.g.*, *United States v. Reedy*, No. ACM 40358, 2024 CCA LEXIS 40, at *6–14 (A.F. Ct. Crim. App. 2 Feb. 2024) (unpub. op.), *pet. denied*, 84 M.J. 417 (C.A.A.F. 2024); *United States v. Kroetz*, No. ACM 40301, 2023 CCA LEXIS 450, at *4–18 (A.F. Ct. Crim. App. 27 Oct. 2023) (unpub. op.), *pet. denied*, 84 M.J. 417 (C.A.A.F. 2024); *United States v. Geier*, No. ACM S32679 (f rev), 2022 CCA LEXIS 468, at *4–

13 (A.F. Ct. Crim. App. 2 Aug. 2022) (unpub. op.), *pet. denied*, 83 M.J. 86 (C.A.A.F. 2023). In the instant case, although the plea agreement required a dishonorable discharge, it gave the military judge discretion to adjudge confinement within a range of six months for each of the specifications, as well as discretion over the other potential elements of the sentence. We are not persuaded Appellant was deprived of a complete presentencing proceeding or subjected to an empty ritual in place of a court-martial by virtue of the parties' agreement that a dishonorable discharge would be adjudged.[3]

## B. Sentence Severity

### 1. Law

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (footnote omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). We "must consider the appropriateness of each segment of a segmented sentence." *United States v. Flores*, 84 M.J. 277, 281 (C.A.A.F. 2024). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (citation omitted). Although the Courts of Criminal Appeals are empowered to "do justice[ ] with reference to some legal standard," we are not authorized to grant mercy. *United States v. Guinn*, 81 M.J. 195, 203 (C.A.A.F. 2021) (quoting *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010)).

### 2. Analysis

Appellant contends the inclusion of a dishonorable discharge in his sentence, although required by the terms of his plea agreement with the convening authority, is nevertheless inappropriately severe. Appellant cites his "troubled and traumatizing childhood," mental health struggles, cooperation with investigators, willingness to plead guilty, and the Government's inclusion of only 31 total files (videos and still images) of child pornography as an attachment to the stipulation of fact, as rendering the dishonorable discharge inappropriately severe under the circumstances of his case. Appellant requests this court exercise its authority to disapprove the dishonorable discharge while leaving the remainder of the plea agreement in effect.

---

[3] We do not find Appellant's comparison with the opinion of the United States Coast Guard Court of Criminal Appeals in *United States v. Libecap*, 57 M.J. 611 (C.G. Ct. Crim. App. 2002), persuasive for reasons similar to those set forth in this court's opinions in *Kroetz*, unpub. op. at *15–18, and *Geier*, unpub. op. at *8–11.

We do not find Appellant's sentence, including a dishonorable discharge, inappropriately severe. Appellant intentionally sought out images of egregious sexual abuse of young children for sharing as well as for personal possession and viewing. He thereby knowingly increased both the demand for and access to such material in a form that can be easily disseminated electronically. We have carefully considered the mitigating and extenuating factors Appellant cites. Nevertheless, having given individualized consideration to Appellant, the nature and seriousness of his offenses, Appellant's record of service, and all other matters contained in the record of trial, we conclude Appellant's sentence, including the dishonorable discharge, is not inappropriately severe as a matter of law.

### III. CONCLUSION

As entered, the findings are correct in law, the sentence is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). *See* National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, § 542(b)(1)(A), 134 Stat. 3388, 3611–12 (2021). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

OLGA STANFORD, Capt, USAF
Acting Clerk of the Court